**Gary MALONE**

v.

**MAYFLOWER TRANSIT, INC.**

No. CIV–2–91–131.

United States District Court,
E.D. Tennessee,
Greeneville.

March 18, 1993.

Frank B. Dodson, Kingsport, TN, for plaintiff Gary Malone.

Thomas L. Kilday, Milligan & Coleman, Greeneville, TN, for defendant Mayflower Transit, Inc.

### ORDER

HULL, District Judge.

This action for damages to certain computer equipment is before the Court to consider certain requested jury instructions filed by the parties, as well a briefs on contested issues of law which were ordered to be filed by the parties on or before January 29, 1993 in a final amended pretrial entered by this Court on January 8, 1993. Although the defendant has briefed these contested issues of law, the plaintiff has failed to do so. After careful consideration of the record as a whole, including the admissions and stipulations of the parties, and after a thorough review of the applicable law, the Court finds as follows:

■ 1. The Carmack Amendment to the Interstate Commerce Act does preempt state common law and statutory causes of action. *Baker Perkins v. Midland Moving & Storage, Co.,* 920 F.2d 1301 (6th Cir.1990) citing *Underwriters at Lloyds of London v. North American Van Lines,* 890 F.2d 1112 (10th Cir.1989); *Hughes v. United Van Lines, Inc. et. al.,* 829 F.2d 1407, 1415 (7th Cir.1987), cert. denied, 485 U.S. 913, 108 S.Ct. 1068, 99 L.Ed.2d 248 (1988). Therefore, the plaintiff's theories of recovery under state common law theories of negligence and bailment, under the Tennessee Consumer Protection Act, and under Tennessee statutory bad-faith penalty provisions are ORDERED DISMISSED.

■ 2. The defendant has requested that this Court charge the jury on comparative negligence, however, the Court finds that this state common law defense is also preempted by the Carmack Amendment. In *Hughes Aircraft v. North American Van Lines,* 970 F.2d 609, 611 (9th Cir.1992), the Court held that "[t]he Carmack Amendment, 49 U.S.C. § 11701(a), (c), subjects a motor carrier transporting cargo in interstate commerce to *absolute liability* for 'actual loss or injury to property'." (emphasis added) See *Missouri Pacific R.R. Co. v. Elmore & Stahl,* 377 U.S. 134, 137, 84 S.Ct. 1142, 1144, 12 L.Ed.2d 194 (1964); *Underwriters at Lloyds of London, Inc.,* supra at 1115. Therefore, the Court finds that the only issue in regard to liability that will be submitted to the jury is whether or not the computer equipment in question was damaged while being transported by the defendant in interstate commerce.

■ 3. This case involves both a bill of lading under 49 U.S.C. § 11707(a)(1) and a written transportation agreement under 49 U.S.C. § 10703(a). The written transportation agreement in the cause is styled "The Mayflower Green Light Guarantee," and based upon the Court's holding in *Baker–Perkins, Inc.,* supra at 1306, the validity and effect of this transportation agreement is governed by federal law.

In that case, Baker Perkins had contracted for Gold Umbrella or Full Value Protection, which extended the liability of the carrier beyond the terms of the bill of lading. After concluding that the Court knew of nothing in federal law that would prohibit a carrier from filing a tariff providing for full value protection, the Court specifically stated that "we see no reason why Baker Perkins should not be entitled to receive the benefit of its bargain." *Baker–Perkins, Inc.,* supra at 1306.

In this case, the plaintiff contracted with the defendant under Option A of "The Mayflower Green Light Guarantee" for "No deductible. Full replacement or repair value at a cost of 85 cents per $100.00 or fraction thereof." Therefore, the Court finds that the plaintiff is entitled to receive the benefit of his bargain, and that the only issue in regard to damages to be sent to the jury will be the amount of full replacement value or repair value.

4. The plaintiff has filed no authority for the proposition that he is entitled to recover attorney's fees, and accordingly, this claim for relief is DISMISSED.

5. In regard to the defendant's counterclaim for the costs of an unrelated shipment, this issue will be resolved after the parties have explained to the Court, by way of a memorandum and brief, how the facts of this counterclaim fit under the provisions of 49 U.S.C. § 10744. The parties will have ten

days from the conclusion of the trial of this cause to submit this brief. This counterclaim will not be submitted to the jury but will be governed by the written agreements of the parties and § 10744.