**CITY OF LAREDO, Plaintiff,**

v.

**The TEXAS MEXICAN RAILWAY COMPANY, and Missouri Pacific Railroad Company d/b/a Union Pacific Railroad Company, Defendants.**

**Civil Action No. L–96–24.**

United States District Court,
S.D. Texas,
Laredo Division.

May 31, 1996.

Fausto Sosa, City Attorney of Laredo Texas, Laredo, TX, for city of Laredo.

Ricardo Daniel Palacios, Encinal, TX, for The Texas Mexican Ry. Co.

C.M. Zaffirini, Zaffirini Castillo & Pellegrin, Laredo, TX, Guadalupe Castillo, Zaffirini Castillo & Pellegrin, Laredo, TX, for Missouri Pacific R. Co.

## MEMORANDUM AND ORDER

KAZEN, District Judge.

Pending before the Court is Plaintiff's motion to remand. This action was removed from a state court in Webb County on February 28, 1996. Plaintiff's state-court petition seeks declaratory and injunctive relief from Defendants for violations of a city ordinance which prohibits railway companies from blocking public street crossings for more than five minutes. Plaintiff's petition also seeks a declaration that Defendant Missouri Pacific Railroad Company's ("Missouri Pacific") franchise to use Plaintiff's streets expired and that Defendant has no right to use the streets. Defendants maintain that federal-question jurisdiction exists because Plaintiff's attempt to deprive Defendant Missouri Pacific Railroad Company of the use of Plaintiff's streets constitutes railroad abandonment. They contend that under the Interstate Commerce Act, the Surface Transportation Board ("Board") has exclusive and plenary jurisdiction over railroad abandonment. Accordingly, Defendants argue that the Board's prior approval is required before Defendant Missouri Pacific can stop using Plaintiff's streets. Alternatively, Defendants claim that federal jurisdiction exists because Plaintiff's suit challenges the authority of the United States Treasury Department under 19 U.S.C. § 1448.

### Discussion

■ "It is long settled law that a cause of action arises under federal law only when the plaintiff's well-pleaded complaint raises issues of federal law." *Metropolitan Life Ins. Co. v. Taylor,* 481 U.S. 58, 63, 107 S.Ct. 1542, 1546, 95 L.Ed.2d 55 (1987). Plaintiff's state court petition, however, is premised purely on state law.

■ Defendants nevertheless assert that the Interstate Commerce Act ("Act") preempts Plaintiff's state claim because railroad abandonment is a matter over which the Board has exclusive and plenary jurisdiction under the Act. Federal preemption is ordinarily only a defense to a plaintiff's case. "As a defense, it does not appear on the face of a well-pleaded complaint, and therefore, does not authorize removal to federal court." *Taylor,* 481 U.S. at 63, 107 S.Ct. at 1546. A narrow exception to the general rule exists when Congress has so completely preempted an area that any civil complaint "raising this select group of claims is necessarily federal in character." *Id.*

Relying upon the newly enacted ICC Termination Act of 1995, Pub.L. No. 104–88, 1995 U.S.C.C.A.N. (109 Stat.) 803, which abolishes the Interstate Commerce Commission and amends the Interstate Commerce Act, and the Supreme Court's decision in *Chicago & N.W. Transp. v. Kalo Brick & Tile,* 450 U.S. 311, 101 S.Ct. 1124, 67 L.Ed.2d 258 (1981), Defendants argue that the instant suit is completely preempted because it concerns matters which are exclusively governed by federal law. In *Chicago & N.W. Transp.,* the Supreme Court held that a shipper's state-law damages action against a regulated carrier was preempted when the Interstate Commerce Commission ("Commission") had approved the carrier's decision to abandon a service line. In deciding that the plaintiff's damages action was preempted, the Supreme Court stated that Congress had endowed the Commission "with broad power to regulate a carrier's permanent or temporary cessation of service over lines used for interstate commerce." *Id.* 450 U.S. at 319, 101 S.Ct. at 1131. It further stated that "[t]he Commission's authority over abandonments is ... plenary. So broad is this power that it extends even to approval of abandonment of purely local lines operated by regulated carriers when, in the Commission's judgment, 'the over-riding interests of interstate commerce require it.'" *Id.* 450 U.S. at 320, 101 S.Ct. at 1131–32. The Court, however, did

not decide whether removal jurisdiction extended over suits concerning railroad abandonment. Indeed, that case had been filed in state court, removed to federal court, and remanded back to state court. *Id.* 450 U.S. at 315 n. 5, 101 S.Ct. at 1129 n. 5. It came to the United States Supreme Court by certiorari to the Iowa Supreme Court.

■ In enacting the ICC Termination Act of 1995, Congress took a substantial step in deregulating the rail and motor carrier industries. The Act abolished the Interstate Commerce Commission and repealed many of the regulatory activities that were once performed by the Commission. H.R.Rep. No. 311, 104th Cong., 1st Sess. 82–83 (1995), *reprinted in* 1995 U.S.C.C.A.N. 793–794. In place of the Commission, Congress established the Surface Transportation Board, which assumed many of the functions that the Commission performed. Congress also significantly amended the jurisdiction of the Board by granting it authority over the "construction, acquisition, operation, abandonment, or discontinuance of spur, industrial, team, switching, or side tracks ... even if the tracks are located ... entirely in one State." 49 U.S.C. § 10501. Prior to 1996, 49 U.S.C. § 10907(b) deprived the Commission of this power. The legislative history of the ICC Termination Act of 1995 confirms Congress' intent to extend exclusive federal jurisdiction to abandonment of all tracks. The House Report states that "[t]he former disclaimer regarding residual State police powers is eliminated as unnecessary, in view of the Federal policy of occupying the entire field of economic regulation of the interstate rail transportation system." *Id.* at 807–08. The House Report also emphasizes that the changes "are made to reflect the direct and complete pre-emption of State economic regulation of railroads." *Id.* at 807.

■ Whether removal jurisdiction exists over Plaintiff's suit, however, is a different matter. In *Taylor,* the Supreme Court noted that without explicit direction from Congress the question of so-called complete preemption would be a close one even with ERISA. *Taylor,* 481 U.S. at 65, 107 S.Ct. at 1547. Describing complete preemption as "extraordinary," the Court nonetheless found that power in ERISA because its civil enforcement provisions closely paralleled that of the LMRA and the legislative history of ERISA stated that: "All such actions in Federal or State courts are to be regarded as arising under the laws of the United States in similar fashion to those brought under section 301 of the Labor–Management Relations Act of 1937." *Id.* Moreover, Justice Brennan's concurrence stressed that the *Taylor* holding was a "narrow one" and he cautioned against adoption of a broad rule "that *any* defense premised on congressional intent to preempt state law is sufficient to establish removal jurisdiction." *Id.* 481 U.S. at 67, 107 S.Ct. at 1548. Rather, removal jurisdiction would exist only when Congress has clearly manifested an intent to make causes of action removable to federal court. *Id.* Justice Brennan concluded with the advice that, in the future, "the prudent course for a federal court that does not find a *clear* congressional intent to create removal jurisdiction will be to remand the case to state court." *Id.*

In *Aaron v. National Union Fire Ins. Co.,* 876 F.2d 1157 (5th Cir.1989), the Fifth Circuit explicated the teachings of *Taylor* and set forth a three-part test for determining whether a federal statute completely preempts state law causes of action. First, a district court must determine that the federal statute in question creates a federal cause of action in favor of the plaintiff. *Aaron,* 876 F.2d at 1164. Second, the federal statute must contain a specific jurisdictional grant to the federal courts to enforce the cause of action created by the statute. *Id.* at 1165. Finally, there must be clear indication of Congress' intent to permit removal, notwithstanding the plaintiff's exclusive reliance on state law. *Id.* Importantly, in tracing the history of the complete preemption rule, the Fifth Circuit cited its opinion in *Beers v. North American Van Lines, Inc.,* 836 F.2d 910 (5th Cir.1988), which held that the Carmack Amendment to the Interstate Commerce Act did not create removal jurisdiction. *Id.* at 913. Although Defendants rely on a different provision, *Beers* informs this case because it concerns the Interstate Commerce Act.

In the instant case, the rail carrier part of the Interstate Commerce Act does not contain a civil enforcement provision similar to § 301 of the LMRA or § 502(a) of ERISA. Under the statute, a person may file suit in federal court only to enforce an order of the Board, to recover overcharges or to recover under a bill of lading. 49 U.S.C. §§ 11704(a), § 11705(a), (e), and 11706(d). Any other complaints must be filed with the Board. 49 U.S.C. § 11704(c)(1), § 11705(c). Also, although the legislative history of the ICC Termination Act of 1996 manifests Congress' intent to make federal law preeminent in this field, that history does not contain explicit language providing for removal jurisdiction of state-court actions concerning railroad abandonment. *Compare Taylor,* 481 U.S. at 65–66, 107 S.Ct. at 1547 (quoting H.R.Conf. Rep. No. 93–1280 p. 327 (1974), U.S.C.C.A.N. 1974, pp. 4639, 5107).

█ Plaintiff brought suit under the state declaratory judgment statute. However, this procedural vehicle does not support removal of a case otherwise nonremovable under the principles outlined above. *Franchise Tax Bd. v. Const. Laborers Vacation Trust,* 463 U.S. 1, 12–22, 103 S.Ct. 2841, 2848–52, 77 L.Ed.2d 420 (1983). Moreover, although the Surface Transportation Board is probably the appropriate forum for adjudicating Plaintiff's suit, that decision must be made in state court. "[J]ust as 'ordinary preemption' issues are to be left to the state court where there is no complete preemption, ... 'forum preemption' issues as well must be left for determinations after remand." *Railway Labor Exec. Assoc. v. Pittsburgh & Lake Erie R.,* 858 F.2d 936, 943 (3rd Cir.1988) (holding that removal jurisdiction did not exist under either the Railway Labor Act or Interstate Commerce Act).

█ Defendants' alternative argument that removal jurisdiction exists over Plaintiff's suit under 19 U.S.C. § 1448 also fails for the same reasons. The federal statute is raised as a defense to Plaintiff's suit and is insufficient to confer federal-question jurisdiction on this Court.

For the foregoing reasons, this case was not removable, and Plaintiff's motion to remand is therefore GRANTED.