**Thomas A. TAYLOR and Nadine Taylor, Plaintiff,**

v.

**MAYFLOWER TRANSIT, INC., United Van Lines, Inc., Louderback Transportation Company, Inc., American Way Moving Systems, Inc., and Transprotection Service Company, Defendants.**

No. 3:98CV349–MU.

United States District Court,
W.D. North Carolina,
Charlotte Division.

Oct. 13, 1998.

Daniel C. Marks, Moreau & Marks, P.L.L.C., Charlotte, NC, for Plaintiffs.

Jay P. Tobin, Young, Moore, Henderson & Alvis, P.A., Raleigh, NC, for Defendants.

### ORDER

MULLEN, Chief Judge.

This matter is before the court upon motion of the Defendants to dismiss Counts One, Two, and Four of the Plaintiffs' Complaint pursuant to Rule 12(b)(6). Plaintiffs' Complaint alleges that Defendants transported Plaintiffs' household goods from Pennsylvania to North Carolina in July 1996, and that certain items were lost or damaged during the course of the move. The Complaint sets out four causes of action arising from the interstate move. Plaintiffs' First Cause of Action (Negligence), Second Cause of Action (Third–Party Beneficiary), and Fourth Cause of Action (Unfair and Deceptive Trade Practices) are based upon North Carolina

law. Plaintiffs' Third Cause of Action is based upon the Carmack Amendment to the Interstate Commerce Act (49 U.S.C. § 14706). Defendants argue that the state law causes of action are preempted by the Carmack Amendment, and thus should be dismissed.

Congress enacted the Carmack Amendment to the Interstate Commerce Act in 1906 to eliminate the burden on interstate commerce which resulted from inconsistent state laws governing the rights and obligations of shippers and carriers in interstate transportation. The Carmack Amendment defined the parameters of carrier liability for loss and damage to goods transported under interstate bills of lading. The Amendment is set forth at 49 U.S.C. § 11707 (now 49 U.S.C. § 14706) and states in pertinent part as follows:

> A common carrier providing transportation or service subject to the jurisdiction of the Interstate Commerce Commission ... shall issue a receipt or bill of lading for property it receives from transportation under this subtitle. That carrier ... and any other common carrier that delivers the property and is providing transportation or service subject to the jurisdiction of the Commission ... are liable to the person entitled to recover under the bill of lading. The liability imposed under this paragraph is for the actual loss or injury to the property ...

Since the passage of the Carmack Amendment, the Supreme Court has defined Carmack preemption in the broadest terms. In the case of *Adams Express Co. v. Croninger*, 226 U.S. 491, 33 S.Ct. 148, 57 L.Ed. 314 (1913), the Court noted:

> Almost every detail of the subject [interstate common carriers] is covered so completely that there can be no rational doubt but that Congress intended to take possession of the subject, and supersede all state regulations with reference to it.

*Adams Express*, 226 U.S. at 505–6, 33 S.Ct. 148.

*Adams Express* held that claims arising out of loss or damage to property transported in interstate commerce are governed by the Carmack Amendment and that all state law claims are preempted. The Supreme Court later reaffirmed *Adams Express* in *Georgia, Florida and Alabama Ry. Co. v. Blish Milling Co.*, 241 U.S. 190, 36 S.Ct. 541, 60 L.Ed. 948 (1916). In *Blish Milling* the Court held that the Carmack Amendment is "comprehensive enough to embrace responsibility for *all losses* resulting from *any* failure to discharge a carrier's duty as to *any part* of the agreed transportation ..." *Blish Milling*, 241 U.S. at 196, 36 S.Ct. 541. (Emphasis added)

Circuit courts of appeals, including the Fourth Circuit, have also unanimously held that Carmack's broad scope preempts all state law claims, whether they contradict or supplement Carmack remedies. *Rini v. United Van Lines, Inc.*, 104 F.3d 502, 506 (1st Cir.), *cert. denied*, —— U.S. ——, 118 S.Ct. 51, 139 L.Ed.2d 16 (1997) ("Preempted state law claims, therefore include all liability stemming from damage or loss of goods, liability stemming from the claims process, and liability related to the payment of claims."); *Cleveland v. Beltman North American Van Lines Co., Inc.*, 30 F.3d 373, 379 (2d Cir.1994) (stating that one of the primary purposes of the Carmack Amendment is to provide uniformity in the disposition of claims brought under a bill of lading); *Shao v. Link Cargo (Taiwan) Limited*, 986 F.2d 700, 706–707 (4th Cir.1993) ("[I]f the Interstate Commerce Commission had jurisdiction over the shipment in this case, Shao's common law claims are preempted by the Carmack Amendment."); *Moffit v. Bekins Van Lines Co.*, 6 F.3d 305, 306–7 (5th Cir. 1993) (Carmack Amendment preempted state law claims, including claims of misrepresentation, fraud, gross negligence and intentional and negligent infliction of emotional distress); *Hughes Aircraft Co. v. North American Van Lines*, 970 F.2d 609, 613 (9th Cir.1992) ("Hughes [the shipper] wisely concede[d] that federal law preempts any state common law action against ... a common carrier."). *Underwriters at Lloyds of London v. North American Van Lines*, 890 F.2d 1112, 1120 (10th Cir.1989) ("[T]he Carmack amendment preempts state common law remedies against a carrier for negligent loss or damage to goods shipped under a proper

bill of lading."); *Hughes v. United Van Lines, Inc.,* 829 F.2d 1407, 1415 (7th Cir. 1987) ("We ... hold that the remedy provision of the Carmack Amendment preempts all state and common law remedies inconsistent with the Interstate Commerce Act ..."); *W.D. Lawson & Co. v. Penn. Central Co.,* 456 F.2d 419, 421 (6th Cir.1972) ("As to the ... issue ... [of] whether or not the Carmack Amendment preempted common law suits ... we hold that it did.")

Defendants argue that based on the foregoing authority, Plaintiffs' state law claims of negligence, third-party beneficiary and unfair and deceptive trade practices must be dismissed, as Plaintiffs' measure of damages is strictly limited pursuant to the Carmack Amendment. Plaintiffs concede that if the Carmack Amendment applies to this case, their claims of negligence and third-party beneficiary are preempted, but that the issue of whether the Carmack Amendment applies needs to be the subject of discovery. In any event, Plaintiffs argue, their claim for unfair and deceptive trade practices is not preempted and therefore should not be dismissed.

■ Plaintiffs contend that in order for the Carmack Amendment to be applicable, Defendants must prove compliance with certain requirements. *See* 49 U.S.C. § 11707. Plaintiffs argue that the only way to determine whether these requirements have been satisfied is through discovery. However, it appears to the court that Plaintiffs are confusing the issues of application of the Carmack Amendment with Defendants' limitation of liability. Compliance on the part of the Defendants with the requirements mentioned by the Plaintiffs may limit their liability under the Carmack Amendment, but does not affect preemption. *See Margetson v. United Van Lines, Inc.,* 785 F.Supp. 917 (D.N.M.1991). As explained by the United States Supreme Court, in order to state a claim under the Carmack Amendment, a pleading must allege: (1) receipt of the goods by the defendant carrier in good order and condition; (2) the shipment's arrival at its destination in a damaged condition or its failure to arrive at all; and (3) the amount of the loss. *See Missouri Pacific R.R. Co. v. Elmore & Stahl,* 377 U.S. 134, 84 S.Ct. 1142,

12 L.Ed.2d 194 (1964). It appears to the court that each of these elements are alleged in Plaintiffs' Complaint, and thus the Carmack Amendment is applicable to this case. Accordingly, Plaintiffs' contention that Defendants' Motion to Dismiss is premature is without merit.

■ Plaintiffs' argument that their claim for unfair and deceptive trade practices is not preempted is likewise without merit. Plaintiffs contend that their unfair and deceptive trade practices claim is beyond the scope of the Carmack Amendment, as it arises from Defendants' alleged improper handling of Plaintiffs' claim for lost and damaged goods. While the fourth circuit has not addressed this specific issue, other federal and state courts addressing this issue have concluded that the Carmack Amendment does preempt a claim based upon a state's deceptive trade practices statute. *See Rini,* 104 F.3d 502; *Moffit,* 6 F.3d 305; *Schultz v. Auld,* 848 F.Supp. 1497 (D.Idaho 1993); *Malone v. Mayflower Transit, Inc.,* 819 F.Supp. 724 (E.D.Tenn.1993), *Suarez v. United Van Lines, Inc.,* 791 F.Supp. 815 (D.Colo.1992); *Margetson,* 785 F.Supp. 917; *Pierre v. United Parcel Service,* 774 F.Supp. 1149 (N.D.Ill. 1991); *Carr v. United Van Lines, Inc.,* 289 S.C. 194, 345 S.E.2d 734 (1986); *See also United Van Lines, Inc. v. Homburger,* 932 F.Supp. 139 (W.D.N.C.1996) (holding that "[i]t is well established that the Carmack Amendment ... preempts state law claims—including claims such as conversion for damaged freight, fraud, bad faith, and intentional or negligent infliction of emotional distress...") Plaintiffs' claim for unfair and deceptive trade practices in the claims handling process arises out of the interstate shipment of the Plaintiffs' household goods from Pennsylvania to North Carolina. But for this interstate move, Plaintiffs would have no alleged claim for unfair and deceptive trade practices. It appears to the court that despite Plaintiffs' argument to the contrary, the unfair and deceptive trade practices claim does not state a separate cause of action divisible from the interstate shipment of their household goods. Accordingly, that claim is preempted by the Carmack Amendment and must also be dismissed.

Based upon the foregoing,

IT IS THEREFORE ORDERED that Defendants' Motion to Dismiss Plaintiffs' First, Second, and Fourth Causes of Action is hereby GRANTED.