Avi **HEN, Rachel Hen, Parents of Deceased Victoria Hen; Udi Hen, Brother of Deceased Victoria Hen, Plaintiffs—Appellants,**

v.

**CITY OF LOS ANGELES; Estate of Hesham Mohamed Ali Hedayet, Defendants—Appellees.**

No. 05–56259.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 7, 2007.

Filed July 27, 2007.

Richard I. Fine, Esq., Richard Fine & Associates, Beverly Hills, CA, for Plaintiffs–Appellants.

Douglas S. Knoll, Esq., Law Offices of Douglas S. Knoll, Redondo Beach, CA, for Defendants–Appellees.

Before: TROTT and RAWLINSON, Circuit Judges, and MURGUIA *, District Judge.

MEMORANDUM **

In this appeal from the district court's grant of Appellees' motion for judgment on the pleadings, Appellants invoke several exceptions to the doctrine of public entity immunity and claim that the City of Los Angeles ("the City") is liable under California law. Appellants challenge also the district court's denial of their motion to reconsider, and its decision to dismiss their claims against Hedayet's estate for failure to prosecute. We affirm the district court.

## I

### A.

■ Appellants argue that the failure to provide adequate security measures amounts to a "dangerous condition" under Cal. Gov.Code § 835. However, "[California] courts have consistently refused to characterize harmful conduct on the part of a third party as a dangerous condition in the absence of some concurrent contributing defect in the property itself." *Moncur v. City of Los Angeles*, 68 Cal.App.3d 118, 123, 137 Cal.Rptr. 239 (1977) (citation omitted); *see Zelig v. County of Los Angeles*, 27 Cal.4th 1112, 1135, 119 Cal.Rptr.2d 709, 45 P.3d 1171 (2002) ("We emphasize, however, that liability is imposed [under § 835] only when there is some defect in the property itself and a causal connection is established between the defect and the injury."). Under California law, the failure to provide adequate security measures is not a "defect in the property." *See Moncur*, 68 Cal.App.3d at 121, 123, 137

* The Honorable Mary H. Murguia, United States District Judge for the District of Arizona, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Cal.Rptr. 239 (rejecting argument that failure to provide adequate security measures at LAX was a dangerous condition where plaintiffs were injured when a bomb exploded in an airport locker).

Appellants' reliance on *Bonanno v. Central Contra Costa Transit Authority* is misplaced. 30 Cal.4th 139, 145, 132 Cal.Rptr.2d 341, 65 P.3d 807 (2003) (finding the location of a bus stop a dangerous condition where passengers had to use a dangerous crosswalk or walk the edge of a dangerously busy street to reach the stop). Unlike the case here, the facts of *Bonanno* implicated Cal. Gov.Code § 830's definition of dangerous condition, and the court tailored its holding accordingly. *See id.* at 154, 132 Cal.Rptr.2d 341, 65 P.3d 807 ("[T]he *location* of public property, by virtue of which users are *subjected to hazards on adjacent property,* may constitute a 'dangerous condition' under sections 830 and 835[.]") (second emphasis added); *see also Joyce v. Simi Valley USD,* 110 Cal.App.4th 292, 299–300, 1 Cal.Rptr.3d 712 (2003) (noting that the location of a public improvement or its relationship to its surroundings may constitute a dangerous condition under Cal. Gov.Code § 835).

*Bonanno* and *Joyce* do not apply to the facts of this case, and neither calls into question *Moncur's* and *Zelig's* applicability.

### B.

Appellants argue that the allegedly negligent acts at issue here were "ministerial acts," and therefore public entity immunity does not apply. *See Johnson v. California,* 69 Cal.2d 782, 794–97, 73 Cal.Rptr. 240, 447 P.2d 352 (1968) (articulating a distinction between discretionary and non-discretionary (or, ministerial) acts within the meaning of Cal. Gov.Code § 820.2). In *Johnson,* the California Supreme Court identified "the principle that, although a basic policy decision may be discretionary

and hence warrant ... immunity, subsequent ministerial actions in the implementation of that basic decision still must face case-by-case adjudication on the question of negligence." *Id.* at 797, 73 Cal.Rptr. 240, 447 P.2d 352. "[T]his distinction might also be characterized as 'between the "planning" and "operational" levels of decision-making.'" *Ogborn v. City of Lancaster,* 101 Cal.App.4th 448, 461, 124 Cal.Rptr.2d 238 (2002) (quoting *Johnson,* 69 Cal.2d at 794, 73 Cal.Rptr. 240, 447 P.2d 352).

■ Appellants' argument fails for two reasons. First, § 820.2 addresses public entity liability for the acts of public employees, and Appellants have not identified any individual employees or their allegedly negligent ministerial acts. Second and more important, the heart of Appellants' claim is that the City failed to implement security measures that would have prevented the tragic events of July 4, 2002. The State of California has chosen, wisely or not, to grant the City immunity from liability for damages flowing from such a "basic policy" or "planning" decision. *Johnson,* 69 Cal.2d at 797, 73 Cal.Rptr. 240, 447 P.2d 352; *Ogborn,* 101 Cal.App.4th at 461, 124 Cal.Rptr.2d 238. The district court did not err in reaching this conclusion.

### C.

Section 845 of the Cal. Gov.Code exempts public entities from liability for "failure to establish a police department or otherwise to provide police protection service[.]" Appellants argue that § 845 does not apply because the Airport Police is a "private security force." Aside from the fact that nothing in the parties' pleadings verifies this assertion, the Hens' complaint was operative only as to the City as defendant, and Phillips' and Altman's complaint

identified each defendant (other than El Al and Hedayet's estate) as a "public entity."

Like the complaint in *Moncur*, Appellants' claim, when "[s]tripped of conclusionary allegations ... do[es] not plead a defect in the physical condition of the property but instead allege[s] that the property was in a dangerous condition because the City did not undertake to search and screen persons.... In short, a failure to take police action." 68 Cal.App.3d at 126, 137 Cal.Rptr. 239. Appellants challenge the City's failure to provide adequate security policy and personnel, i.e., to "provide police protection service." The district court concluded correctly that § 845 applied and shielded the City from liability.

## II

### A.

The district court did not abuse its discretion in denying Appellants' motion to reconsider. While Appellants alleged "new facts," none were material or addressed the district court's judgment that the City was statutorily immune from liability. *See* Fed.R.Civ.P. 59(e), 60(b). And, as the district court noted, a motion for reconsideration is not a means to reargue a previous position, which Appellants did. *See Union Pac. R.R. Co. v. Coast Packing Co.*, 236 F.Supp.2d 1130, 1137 (C.D.Cal. 2002) (holding that a motion for reconsideration may not repeat "any oral or written argument").

### B.

Appellants ask this court to vacate the district court's dismissal of their claims against Hedayet's estate for failure to prosecute because they have now published service. Appellants point to no authority for the proposition that this court should vacate the district court's dismissal order. The district court warned Appellants of the possibility of a dismissal for failure to prosecute, and granted them an extension of time to accomplish service. The district court did not abuse its discretion in dismissing the claims. *See Hason v. Medical Bd. of Calif.*, 279 F.3d 1167, 1174 (9th Cir.2002) (affirming a dismissal for failure to prosecute where the trial court issued an order to show cause and the party failed to respond to the order).

**AFFIRMED.**